UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| | ) No. 1:12-00002-1 |
| v. | ) William J. Haynes, Jr. |
| | ) Chief Judge, U.S. District Court |
| | ) |
| EUGENE LEWIS WEISS | ) |

## PETITION TO ENTER A PLEA OF GUILTY

I, Eugene Lewis Weiss, respectfully represent to the Court as follows:

(1) My true full name is Eugene Lewis Weiss. I was born in February 1989, and I am 24 years old. I have completed 14 years of formal education.

(2) My appointed lawyer is C. Douglas Thoresen.

(3) I have received a copy of the indictment before being called upon to plead and have read and discussed it with my lawyer, and believe and feel that I understand every accusation made against me in the indictment.

(4) I have had sufficient opportunity to discuss with my lawyer the facts and surrounding circumstances concerning the matters mentioned in the indictment. My lawyer has counseled and advised with me as to the nature and cause of every accusation against me. We have thoroughly discussed the government's case against me and my potential defenses to the government's case. My lawyer has explained each element of the crime charged to me and what the government would offer to prove these elements beyond a reasonable doubt.

(5) I understand that the statutory penalty for each of the offenses with which I am charged is:
    a. as to Count 1:
        i.    not less than ten (10) years, nor more than life imprisonment,
        ii.   a fine of up to $250,000,
        iii.  a mandatory $100 special assessment, and
        iv.  a term of supervised release of not less than five (5) years to life.

    b. as to Count 2:
        i.    not to exceed thirty (30) years imprisonment,
        ii.   a fine of up to $250,000,
        iii.  a mandatory $100 special assessment, and
        iv.  a term of supervised release of not less than five (5) years to life.

I understand that terms of imprisonment for convictions on more than one count may be ordered to run concurrently or consecutively with one another and with sentences currently being served.

(6) I have been advised that I will be sentenced to a sentence sufficient but not greater than necessary to satisfy the goals of sentencing specified in 18 U.S.C. § 3553(a). One

consideration will be Guidelines established by the United States Sentencing Commission. I understand that these Guidelines are advisory, but that the Court must take account of the Guidelines together with other sentencing goals. My lawyer and I have discussed the calculation of the Guidelines in my case. My lawyer has given me an estimate of the Guidelines range that may apply in my case. My lawyer estimates that this guideline range may be 63 to 78 months, subject to the mandatory minimum of 120 months. I realize that this is simply my lawyer's estimate. I understand that my advisory Guideline range will be calculated by the United States Probation Officer who prepares the presentence report in my case. This estimation is subject to challenge by either me or the government, unless prohibited by a plea agreement. The final Guideline calculation will be made by the Court. I further understand that I may be sentenced to a fine to be calculated through the Guidelines. No fine will be imposed if the Judge finds me unable to pay any fine. Considered in this fine may be the amount of financial loss to the victim or gain to me as well as the costs of any confinement or probation supervision. The Court may also order that restitution be made to any victim of the offense. [If I am convicted of any offense specified in 18 U.S.C. § 3663A(c), or as otherwise required by law, restitution is mandatory.] I have a right to a review of my sentence by the United States Court of Appeals for the Sixth Circuit unless waived in the plea agreement.

(7) I understand that I am not eligible for a sentence of probation if I receive any sentence of imprisonment or am convicted of a Class A or Class B felony, or the offense is one for which probation is expressly prohibited. I have been informed that under the present federal sentencing system there is no parole. I will receive only 54 days good time credit per year and it will not vest until the end of each year. I further understand that if I am sentenced to a period of supervised release and I violate the terms of that supervised release, upon revocation I could be imprisoned again.

(8) I understand that should this plea of guilty be accepted, I will be a convicted felon in the eyes of the law for the rest of my life. This means, under present law that (a) I cannot vote in Tennessee, unless my right to vote is lawfully restored, and may not be eligible to vote in other states; (b) I cannot possess a firearm anywhere; (c) If I am presently on probation, parole, or supervised release whether state or federal, the fact that I have been convicted may be used to revoke my probation, parole or supervised release regardless of what sentence I receive on this case; (d) If I am convicted of any crime in the future, whether state or federal, this conviction may be used to increase that sentence; (e) I may have to disclose the fact that I am a convicted felon when applying for employment and such disclosure may result in my not getting some jobs and having difficulty in getting others. [If I have been convicted of certain drug offenses, my conviction may result in my losing entitlement to certain federal benefits pursuant to the Anti-Drug Abuse Act of 1988.] I understand that this list may not include all of the adverse consequences of my conviction in this case.

(9) I understand that I can plead "NOT GUILTY" to any or all offenses charged against me, and continue to plead "NOT GUILTY", and that if I choose to plead not guilty, the Constitution guarantees me (a) the right to a speedy and public trial by jury; (b) the right not to testify and no implication of guilt would arise by my failure to do so; (c) the right to be presumed innocent until such time, if ever, that the government proves my guilt beyond a reasonable doubt to the satisfaction of a court and jury; (d) the right to see and hear all the witnesses and to cross-examine any witness who may testify against me; (e) the right to use the power and process of the court to compel the production of any evidence, including the attendance of any witnesses, in my favor; and to testify in my own behalf if I choose to do so; (f) the right to have the assistance of counsel in my defense at all stages of the proceedings; (g) if I am convicted at such trial I have the right to appeal with a lawyer to assist me and the appeal will not cost me any money if I am indigent. I understand that if the Court accepts my plea that there will be no jury trial and that I

will be convicted of the count(s) to which I plead just as if a jury found me guilty of the charge(s) following a trial. The Court may then impose sentence upon me within the limits set forth in any plea agreement stated in paragraph (13), subject to the maximum punishments set forth in paragraph (5).

(10) No officer or agent of any branch of government (federal, state or local), nor any other person, has guaranteed me what sentence I will receive. If there are any agreements between myself and my lawyer and the prosecution concerning my plea they are fully set forth in paragraph (13) below. I understand that even with a plea agreement no person can bind the Judge to give any particular sentence in my case. If the Judge rejects an agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(A) or (C) I will be offered the opportunity to withdraw my guilty plea. If the Judge rejects a recommendation made pursuant to Rule 11(c)(1)(B) I have no right to withdraw my plea. I understand that if the Judge decides to make a recommendation about where I should serve any incarceration that the recommendation is not a promise or a guarantee, but only a recommendation and is not binding on the Bureau of Prisons which will make the final decision (after I am sentenced) about where I will be incarcerated.

(11) My lawyer has done all the investigation and research in this case that I have asked him to do, and has reviewed with me the discovery material provided by the government. I am satisfied with his representation at this point.

(12) Fully understanding my rights to plead "NOT GUILTY" and fully understanding the consequence of my plea of guilty, I wish to plead "GUILTY" and respectfully request the Court to accept my plea as follows:

Guilty of Count 1 (Inducing Minor to Engage in Illegal Sexual Activity)
as charged in the indictment

(13) This plea is the result of a plea agreement between my lawyer and the prosecution under the provisions of Rule 11 of the <u>Federal Rules of Criminal Procedure</u>. The plea agreement is attached hereto and incorporated by reference.

(14) I offer my plea of "GUILTY" freely and voluntarily and of my own accord; also my lawyer has explained to me, and I feel and believe I understand this petition.

(15) I am not under the influence of either drugs or alcohol.

(16) I request the Court to enter now my plea of "GUILTY" as set forth in paragraph (12) of this petition, in reliance upon my statements made in this petition.

(17) Recognizing that the Court may reserve acceptance of this plea pending the receipt of the pre-sentence report, I agree that the pre-sentence report may be disclosed to the United States Attorney, my counsel and myself, prior to the sentencing hearing.

Signed by me in open court under the penalties of perjury in the presence of my lawyer, this the 26th day of September, 2013.

*Eugene Weiss*
Eugene Lewis Weiss
Defendant

3

## ACKNOWLEDGMENT OF GOVERNMENT ATTORNEY

The maximum punishment, plea and plea agreement (if any) are accurately stated above.

_____
Lynne T. Ingram
Lawyer for the Government

## CERTIFICATE OF COUNSEL

The undersigned, as lawyer and counselor for Eugene Weiss, hereby certifies as follows:

(1) I have read and fully explained to Eugene Weiss all the accusations against him in this case;

(2) To the best of my knowledge and belief each statement set forth in the foregoing petition is accurate and true;

(3) In my opinion the plea of "GUILTY" as offered by Eugene Weiss in paragraph (12) of the foregoing petition, is voluntarily and understandingly made; and I recommend to the Court that the plea of "GUILTY" be accepted and entered as requested in paragraph (12) of the foregoing petition.

Signed by me in open court in the presence of Eugene Weiss this 26th day of Sept, 2013.

_____
C. Douglas Thoresen
Lawyer for the Defendant

## O R D E R

Good cause appearing therefore from the foregoing petition of the foregoing named defendant and the certificate of his counsel and for all proceedings heretofore had in this case, it is ORDERED that the petition be granted and the defendant's plea of "GUILTY" be accepted and entered as prayed in the petition and as recommended in the certificate of counsel.

Done in open court this 26th day of September, 2013.

_____
WILLIAM J. HAYNES, JR.
CHIEF JUDGE
UNITED STATES DISTRICT COURT

*nunc pro tunc*
12-17-13

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 1:12-cr-00001 |
| v. ) | |
| ) | CHIEF JUDGE HAYNES |
| EUGENE LEWIS WEISS ) | |

## PLEA AGREEMENT

The United States of America, through David Rivera, Acting United States Attorney for the Middle District of Tennessee; Lynne T. Ingram, Assistant United States Attorney; defendant, Eugene Lewis Weiss; and defendant's counsel, Carl Douglas Thoresen, pursuant in part to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure have entered into an agreement, the terms and conditions of which are as follows:

### Charges in This Case

1. Defendant acknowledges that he has been charged in the indictment in this case with Inducing a Minor to Engage in Illegal Sexual Activity, in violation of Title 18, United States Code, Section 2422(b) [Count One]; Traveling in Interstate Commerce for the Purpose of Engaging in Illicit Sexual Conduct with a Minor, in violation of Title 18, United States Code, Section 2423(b) [Count Two].

2. Defendant has read the charges against him contained in the indictment, and those charges have been fully explained to him by his attorney. Defendant fully understands the nature and elements of the crimes with which he has been charged.

1

### Charge to Which Defendant is Pleading Guilty

3. By this Plea Agreement, defendant agrees to enter a voluntary plea of guilty to Count One of the indictment, charging Inducing a Minor to Engage in Illegal Sexual Activity. After sentence has been imposed on the count to which defendant pleads guilty as agreed herein, the government will move to dismiss the remaining count of the indictment

### Penalties

4. The parties understand and agree that the offense to which defendant will enter a plea of guilty carries the following penalties: a mandatory minimum term of 10 years and a maximum of life imprisonment. Defendant further understands that the Court must order restitution to the victims of the offense in an amount determined by the Court. Pursuant to 18 U.S.C. § 3583(k), the authorized term of supervised release is any term of years not less than 5, or life, notwithstanding 18 U.S.C. § 3583(b). The combination of prison time and supervised release is permitted, by law, to exceed the maximum term of incarceration allowed under the statute(s) that defendant is pleading guilty to violating. Violation of any condition of supervised release may result in defendant being imprisoned for the entire term of supervised release or being prosecuted for contempt of court under Title 18, United States Code, Section 401(3).

## Acknowledgments and Waivers Regarding Plea of Guilty
## Nature of Plea Agreement

5. This Plea Agreement is entirely voluntary and represents the entire agreement between the United States Attorney and defendant regarding defendant's criminal liability in case 1:12-cr-00001.

6. Defendant understands that by pleading guilty he surrenders certain rights, including the following:

    a. If defendant persisted in a plea of not guilty to the charges against him, he would have the right to a public and speedy trial. Defendant has a right to a jury trial, and the trial would be by a judge rather than a jury only if defendant, the government, and the Court all agreed to have no jury.

    b. If the trial were a jury trial, the jury would be composed of twelve laypersons selected at random. Defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause, or without cause by exercising so-called peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that defendant is presumed innocent; that the government bears the burden of proving defendant guilty of the charges beyond a reasonable doubt; and that it must consider each count of the indictment against defendant separately.

    c. If the trial was held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not the judge was persuaded of defendant's guilt beyond a reasonable doubt.

3

d. At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them. In turn, defendant could present witnesses and other evidence on his own behalf. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court.

e. At a trial, defendant would have a privilege against self-incrimination so that he could testify or decline to testify, and no inference of guilt could be drawn from his refusal to testify.

7. Defendant understands that by pleading guilty he is waiving all the rights set forth in the prior paragraph. Defendant's attorney has explained those rights to him, and the consequences of his waiver of those rights. Defendant further understands he is waiving all appellate issues that might have been available if he had exercised his right to trial.

8. The parties have no reason to believe that the defendant suffers from any mental health or physical problems that would affect his competency to plead guilty.

### Factual Basis

9. Defendant will plead guilty because he is in fact guilty of the charge contained in Count One of the indictment. In pleading guilty, defendant admits the following facts and that those facts establish his guilt beyond a reasonable doubt and establish a basis for forfeiture of the property described elsewhere in this Plea Agreement:

4

On January 18, 2011, the Henry County Sheriff's Office (HCSO) in Georgia responded to a report of the abduction of a 14-year-old female hereinafter referred to as: BB. Prior to going missing, BB made telephonic contact with defendant, who was a 21-year-old male who resided at 2170 Allentown Road, Quakertown, Pennsylvania. Defendant and BB met on the social networking site Facebook and initiated a friendship. Investigators from the HCSO determined that on or about January 18, 2011, defendant traveled from Pennsylvania to Georgia to pick up BB without the consent of BB's parents. On January 19, 2011, BB contacted her family and learned that law enforcement officers were looking for her and defendant. On that same date, defendant returned BB to her residence where defendant was placed under arrest.

During a recorded post-*Miranda* interview, defendant admitted to HCSO Deputy Mike Hardy that he had a relationship with BB. HCSO deputies inquired about names listed in defendant's phone, and defendant indicated that he also had a relationship with a juvenile (JS) from Tennessee. Defendant denied having a sexual relationship with JS. Agents interviewed JS, who is a 15-year-old female who identified defendant by name after viewing his Pennsylvania driver's license photograph. JS indicated to investigators that she met defendant on the social networking site, Facebook, and initiated a friendship during the Spring semester of 2010. JS was 14-years-old and in the 8th grade at that time. JS indicated that defendant traveled to Columbia, Tennessee from Pennsylvania to visit in July 2010. During that visit, JS stated that she and defendant had sexual relations at the Richland Inn. Investigators confirmed defendant's visit by obtaining a copy of his invoice from the Richland Inn, located at 2405 Pulaski Highway, Columbia, Tennessee.

JS's father provided investigators consent to search JS's laptop computer and cell phone, JS used to communicate with defendant. An examination of JS's computer was performed by the Tennessee Bureau of Investigation Technical Services Unit. A keyword search was performed on "Eugene." The search revealed 3 Facebook chat conversations between JS and defendant.

A federal search warrant was obtained to search the Facebook chats where defendant coordinated his travel to Columbia, Tennessee, to meet with JS. After executing the search warrant, defendant's Facebook account included suggestive conversations indicative of a relationship between defendant and JS. It also included their coordination for defendant to travel to Columbia to meet up with JS. Defendant's Facebook account also contained saved images of JS posing nude from the waist up. She identified herself in these photographs in a forensics interview. There were other images of suspected child pornography, but JS was shown a possible image of her and she confirmed the image was not her.

This statement of facts is provided to assist the Court in determining whether a factual basis exists for defendant's plea of guilty. The statement of facts does not contain each and every fact known to the defendant and to the United States concerning the defendant's and/or others' involvement in the offense conduct and other matters.

## Sentencing Guidelines Calculations

10. The parties understand that the Court will take account of the United States Sentencing Guidelines (hereinafter "U.S.S.G."), together with other sentencing goals, and will consider the U.S.S.G. recommended sentencing range in imposing defendant's sentence. The parties agree that the U.S.S.G. to be considered in this case are those effective November 1, 2012.

11. For purposes of determining the U.S.S.G. recommended sentencing range, the United States and the defendant agree as follows:

    a. **Offense Level Calculations.**

        i. The base offense level for Count One is 28, pursuant to U.S.S.G. § 2G1.3(a)(3);

        ii. The offense level in increased by 2 levels, pursuant to U.S.S.G. § 2G1.3(b)(3)(A), because the defendant used an interactive computer service to persuade; and

        iii. The offense level in increased by 2 levels, pursuant to U.S.S.G. § 2G1.3(b)(4), because the offense involved sexual contact.

        iv. Assuming defendant clearly demonstrates acceptance of responsibility, to the satisfaction of the government, through his allocution and subsequent conduct prior to the imposition of sentence, a 2-level reduction will be warranted, pursuant to U.S.S.G. § 3E1.1(a). Furthermore, assuming the defendant accepts responsibility as described in the previous sentence, the United States will move for an additional one-level reduction pursuant to U.S.S.G. § 3E1.1(b), because the defendant will have given timely notice of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently.

    b. **Criminal History Category.** Based upon the information now known to the government (including representations by the defense), it is believed that the defendant's Criminal History Category is I.

    c. **Anticipated Sentencing Range.** Therefore, based on the facts now known to the government, the anticipated offense level is 29, which, combined with the anticipated Criminal History Category of I, would result in an anticipated recommended

7

sentencing range of 87 to 108 months imprisonment **(the "Anticipated Guidelines Range")**. However, based on the 10-year mandatory minimum, the Guidelines Range becomes 120 months. The Court also may impose an additional fine amount to cover all or part of the costs of any term of incarceration, supervised release, or probation ordered, as provided in U.S.S.G. § 5E1.2(d)(7).

## Agreements Relating to Sentencing

12. This Plea Agreement is governed, in part, by Federal Rule of Criminal Procedure 11(c)(1)(C). That is, the parties have agreed that the sentence imposed by the Court shall include a term of imprisonment of 120 months in the custody of the Bureau of Prisons. If the Court accepts and imposes the agreed terms of incarceration, the defendant may not withdraw this plea as a matter of right under Federal Rule of Criminal Procedure 11(d). If, however, the Court refuses to impose the agreed terms set forth herein, thereby rejecting the Plea Agreement, or otherwise refuses to accept defendant's plea of guilty, either party shall have the right to withdraw from this Plea Agreement.

13. Defendant has been advised and understands that under the Sex Offender Registration and Notification Act, a federal law, defendant must register and keep the registration current in each of the following jurisdictions: the location of defendant's residence, the location of defendant's employment; and, if defendant is a student, the location of defendant's school. Registration will require that defendant provide information that includes name, residence address, and the names and addresses of any places at which defendant is or will be an employee or student. Defendant understands that he must update his registrations no later than three business days after any change of name, residence, employment, or student status. Defendant understands that failure to comply with these obligations subjects defendant to

8

prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

### Pre-sentence Investigation Report/Post-Sentence Supervision

14. Defendant understands that the United States Attorney's Office, in its submission to the Probation Office as part of the Pre-Sentence Report and at sentencing, shall fully apprize the District Court and the United States Probation Office of the nature, scope, and extent of defendant's conduct regarding the charges against him, as well as any related matters.

15. Defendant agrees to execute truthfully and completely a Financial Statement (with supporting documentation) prior to sentencing, to be provided to and shared among the Court, the United States Probation Office, and the United States Attorney's Office regarding all details of his financial circumstances, including his recent income tax returns as specified by the Probation Officer. Defendant understands that providing false or incomplete information, or refusing to provide this information, may be used as a basis for denial of a reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1 and enhancement of his sentence for obstruction of justice under U.S.S.G. § 3C1.1, and may be prosecuted as a violation of Title 18, United States Code, Section 1001, or as a contempt of the Court.

16. This Plea Agreement concerns criminal liability only. Except as expressly set forth in this Plea Agreement, nothing herein shall constitute a limitation, waiver, or release by the United States or any of its agencies of any administrative or judicial civil claim, demand, or cause of action it may have against defendant or any other person or entity. The obligations of this Plea Agreement are limited to the United States Attorney's Office for the Middle District of Tennessee and cannot bind any other federal, state, or local prosecuting, administrative, or regulatory authorities, except as expressly set forth in this Plea Agreement.

9

## Waiver of Appellate Rights

17. Regarding the issue of guilt, defendant hereby waives all (i) rights to appeal any issue bearing on the determination of whether he is guilty of the crimes to which he is agreeing to plead guilty; (iii) rights to appeal the forfeiture; and (iii) trial rights that might have been available if he exercised his right to go to trial. Regarding sentencing, Defendant is aware that 18 U.S.C. § 3742 generally affords a defendant the right to appeal the sentence imposed. Acknowledging this, defendant knowingly waives the right to appeal the sentence. Defendant also knowingly waives the right to challenge the sentence imposed in any collateral attack, including, but not limited to, a motion brought pursuant to 28 U.S.C. § 2255 and/or § 2241. Such waiver does not apply, however, to a claim of involuntariness, prosecutorial misconduct, or ineffective assistance of counsel. Likewise, the government waives the right to appeal the sentence.

## Other Terms

18. Should defendant engage in additional criminal activity after he has pled guilty but prior to sentencing, defendant shall be considered to have breached this Plea Agreement, and the government at its option may void this Plea Agreement.

## Conclusion

19. Defendant understands that the indictment and this Plea Agreement will be filed with the Court, will become matters of public record, and may be disclosed to any person.

20. Defendant understands that his compliance with each part of this Plea Agreement extends throughout the period of his sentence, and failure to abide by any term of the Plea Agreement is a violation of the Plea Agreement. Defendant further understands that in the event he violates this Plea Agreement, the government, at its option, may move to vacate the Plea

10

Agreement, rendering it null and void, and thereafter prosecute defendant not subject to any of the limits set forth in this Plea Agreement, or may move to resentence defendant or require defendant's specific performance of this Plea Agreement.

21. Defendant and his attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this Plea Agreement, to cause defendant to plead guilty.

22. Defendant acknowledges that he has read this Plea Agreement and carefully reviewed each provision with his attorney. Defendant further acknowledges that he understands and voluntarily accepts each and every term and condition of this Agreement.

23. No promises, agreements, or conditions have been entered into other than those set forth in this Plea Agreement, and none will be entered into unless memorialized in writing and signed by all of the parties listed below.

24. <u>Defendant's Signature:</u> I hereby agree that I have consulted with my attorney and fully understand all rights with respect to the pending criminal indictment. Further, I fully understand all rights with respect to the provisions of the Sentencing Guidelines that may apply in my case. I have read this Plea Agreement and carefully reviewed every part of it with my attorney. I understand this Plea Agreement, and I voluntarily agree to it.

Date: Sept 26, 2013

_Eugene Weiss_
Eugene Weiss
Defendant

11

25. <u>Defense Counsel Signature:</u> I am counsel for the defendant in this case. I have fully explained to the defendant his rights with respect to the pending criminal indictment. Further, I have reviewed the provisions of the Sentencing Guidelines and Policy Statements, and I have fully explained to the defendant the provisions of those guidelines that may apply in this case. I have reviewed carefully every part of this Plea Agreement with the defendant. To my knowledge, the defendant's decision to enter into this Plea Agreement is an informed and voluntary one.

Date: Sept 26, 2013

_____
Doug Thoresen
Defense Attorney


Respectfully submitted,

David Rivera
Acting United States Attorney

_____
Lynne T. Ingram
Assistant U.S. Attorney

_____
Hal McDonough
Criminal Deputy Chief

12